Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Martin Gangley**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**KM Integrated Health Services, LLC**, an Arizona company; **Kate N. Ebea,** an Arizona resident; and **Moses Ebea,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Martin Gangley ("**Plaintiff**"), for his Verified Complaint against Defendants KM Integrated Health Services, LLC ("**KM**"); Kate N. Ebea; and Moses Ebea ("**Defendants**"), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

2. This action is also brought to recover overtime compensation, liquidated or double damages, and statutory penalties resulting from Defendants' violations of the

FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff was employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff Martin Gangley resided in the District of Arizona.

7. At all relevant times to the matters alleged herein, Plaintiff Martin Gangley was a full-time employee of Defendants from on or around June 4, 2022, until present ("**all relevant times**").

8. At all relevant times to the matters alleged herein, Plaintiff Martin Gangley was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9. At all relevant times to the matters alleged herein, Plaintiff Martin Gangley was a non-exempt employee.

10. Defendant KM is a company authorized to do business in Arizona.

11. Defendant KM was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

12. Defendant Kate N. Ebea is an Arizona resident.

13. Defendant Kate N. Ebea has directly caused events to take place giving rise to this action.

14. At all relevant times, Defendant Kate N. Ebea was an owner of KM.

15. At all relevant times, Defendant Kate N. Ebea was an employer of KM.

16. At all relevant times, Defendant Kate N. Ebea was a manager of KM.

17. Defendant Kate N. Ebea has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

18. Defendant Kate N. Ebea had the authority to hire and fire employees.

19. Defendant Kate N. Ebea had the authority to hire and fire Plaintiff.

20. On or around June 4, 2022, Defendant Kate N. Ebea asked Plaintiff to come work with Defendants full time after he had previously done temp work with them.

21. Defendant Kate N. Ebea supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

22. Defendant Kate N. Ebea instructed Plaintiff to work Monday through Friday 9 am to 5 pm and Friday 7 pm to Sunday at 12 pm.

23. Defendant Kate N. Ebea determined the rate and method of Plaintiff's payment of wages.

24. Defendant Kate N. Ebea provides Plaintiff with hand-written checks.

25. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Kate N. Ebea is subject to individual and personal liability under the FLSA.

26. Defendant Moses Ebea is an Arizona resident.

27. Defendant Moses Ebea has directly caused events to take place giving rise to this action.

28. At all relevant times, Defendant Moses Ebea was an owner of KM.

29. At all relevant times, Defendant Moses Ebea was an employer of KM.

30. At all relevant times, Defendant Moses Ebea was a manager of KM.

31. Defendant Moses Ebea has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

32. Defendant Moses Ebea supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

33. Defendant Moses Ebea instructs Plaintiff on what groups to run and gives him tasks to do.

34. Defendant Moses Ebea determined the rate and method of Plaintiff's payment of wages.

35. When Plaintiff had a question about his wages, Defendant Moses Ebea instructed him to speak to Kate N. Ebea about his pay.

36. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Moses Ebea and Defendant Kate N. Ebea were legally married.

37. Defendant Moses Ebea and Defendant Kate N. Ebea have caused events to take place giving rise to this action as to which their marital community is fully liable.

38. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

39. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

40. Defendants, and each of them, are sued in both their individual and corporate capacities.

41. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

42. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

43. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that has or will have annual gross sales of at least $500,000 in 2023.

44. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

45. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

46. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

47. Plaintiff uses text messages and telephone to communicate with Defendants.

48. Plaintiff is a domestic service worker.

49. Plaintiff is a covered employee under individual coverage.

50. Plaintiff is a covered employee under enterprise coverage.

## **FACTUAL ALLEGATIONS**

51. The entity Defendant is a health care and social assistance business.

52. On or around June 4, 2022, Plaintiff Martin Gangley commenced employment with Defendants as a behavioral health tech.

53. Plaintiff's primary job duties include facilitating groups and one-on-one

counseling.

54. Plaintiff is paid a rate of $19 an hour.

55. Plaintiff Martin Gangley routinely worked in excess of 40 hours per week.

56. Plaintiff estimates that he worked around 80 hours a week.

57. Plaintiff is only paid straight time for all overtime hours worked.

58. Plaintiff Martin Gangley was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

59. Plaintiff is given one paycheck every Monday and another check every other Friday.

60. Defendants split the paychecks into two checks to avoid paying overtime wages.

61. For example, during the workweek of January 23, 2023, Plaintiff worked approximately 40 hours of overtime.

62. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all his overtime hours.

63. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours.

64. Defendants required Plaintiff to work overtime as a condition of his employment.

65. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

66. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

67. Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

68. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

69. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

70. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

71. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

72. Defendants have intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.

73. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

74. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

75. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

76. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

77. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

78. Defendants have not made a good faith effort to comply with the FLSA.

79. Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED February 6, 2023.

1

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weierlaw.com

## **VERIFICATION**

Plaintiff Martin Gangley declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

*Martin Gangley*
_____
Martin Gangley

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Doc ID: 2afe7fc4d686b625d7667d0c1e1ff7b7226c7fe3